**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **Criminal Action No.** |
| **vs.** | § | **3:07-CR-153-G(01)** |
| | § | |
| **DANNY LEON LYNCH** | § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION**

By order of reference dated July 2, 2020 (doc. 70), before the Court for recommendation are the *Petition for Offender Under Supervision*, filed May 29, 2020 (doc. 49), an *Addendum to Petition for Person Under Supervision*, filed June 1, 2020 (doc. 51).   The defendant appeared in person and through counsel for a final revocation hearing on August 6, 2020.  After consideration of the filings, evidence, testimony, oral argument, and applicable law, the defendant's term of supervised release should be **REVOKED**, and he should be sentenced to an additional term of imprisonment, to be followed by an additional term of supervised release.

## I.  BACKGROUND

After initially being charged by complaint, Danny Leon Lynch (Defendant) was charged by indictment with 3 counts of bank robbery.  (*See* docs. 1, 3.)  A superseding indictment charged him with five counts of bank robbery.  (*See* doc. 16.)  He pleaded guilty to the superseding indictment without a plea agreement, and by judgment entered on January 21, 2008, he was sentenced to concurrent sentences of 160 months on each count, to be followed by concurrent three-year terms of supervised release on each count.  (*See* docs. 19, 21, 30.)  He began his supervised release on December 6, 2019.  (*See* doc. 49.)

A.   **Petition**

On May 29, 2020, the supervising United States Probation Officer (USPO) submitted a petition

for offender under supervision (Petition) alleging the following violations:

1.   *Violation of Mandatory Condition*

**Violation of Mandatory Condition**
The defendant shall not commit another federal, state, or local crime.

**Nature of Noncompliance**
Mr. Danny Lynch violated this condition of supervised release when he was asked and refused to leave his ex-girlfriend's residence and the police forced him to leave. On April 2, 2020, Mr. Lynch was arrested and charged with Criminal Trespass, in violation of Texas Penal code § 30.05(d)(1), a Class B Misdemeanor.

According to Plano Police Department report number 2020-00059330, officers were dispatched to Mr. Lynch's ex-girlfriend's, Juanita Williford, residence in Plano, Texas on April 2, 2020. Ms. Williford stated Mr. Lynch had come to visit her and when he was at the residence, they ended the relationship. Ms. Williford stated she left to pick up her daughter and Mr. Lynch was told to leave which he agreed. Ms. Williford stated when she returned from picking up her daughter, Mr. Lynch had not left her apartment, so she called officers for assistance. Officers went to the apartment door and Mr. Lynch answered and acknowledged he had been told to leave. Mr. Lynch then attempted to close the door on officers to prevent them from entering the apartment. Officers pushed through the apartment door and observed Mr. Lynch "square off," as it appeared Mr. Lynch was assuming a defensive position. An officer pushed Mr. Lynch off balance, and he fell onto a mattress that was on the living room floor. Officers instructed Mr. Lynch to leave the apartment, however, Mr. Lynch told officers he was intoxicated and could not drive. Mr. Lynch was then instructed to call a taxi or ride share service. Mr. Lynch continued lying on the mattress and officers again instructed Mr. Lynch to leave the residence or he would be placed under arrest. Mr. Lynch told officers "fine" and "go ahead." Mr. Lynch was placed under arrest for failing to leave Ms. Williford's residence after being instructed numerous times. Officers placed handcuffs on Mr. Lynch, and he appeared intoxicated as he had a strong odor of alcohol emitting from his breath. He also had slurred speech and red blood shot eyes. Upon arrival at the Plano City Jail, Mr. Lynch refused to exit the patrol vehicle and had to be physically pulled from the vehicle.

On April 3, 2020, Mr. Lynch was seen by Collin County Magistrate Judge Lisa Bronchetti and was released on his own recognizance with bond conditions. This case is currently pending in Collin County, Texas, and Mr. Lynch has yet to be indicted.

2.   *Mandatory Condition; Standard Condition No. 7*

**Violation of Mandatory Condition**
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as

determined by the court.

**Violation of Standard Condition No. 7**
The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician.

**Nature of Noncompliance**

Mr. Danny Lynch violated this condition of supervised release, by using and possessing amphetamines and methamphetamine, illegal controlled substances, in or about December 2019. On December 30, 2019, Mr. Lynch submitted a urine specimen to a contract vendor, Homeward Bound, Inc. (HBI), in Dallas, Texas, which tested positive for amphetamines. On January 2, 2020, Mr. Lynch admitted verbally and in writing to U.S. Probation Officer Alicia Long (USPO Long) that he consumed methamphetamine on December 30, 2019.

Mr. Lynch violated this condition of supervised release, by using and possessing, methamphetamine and marijuana, illegal controlled substances, in or about February 2020. On March 2, 2020, Mr. Lynch admitted verbally and in writing to USPO Long that he consumed methamphetamine and marijuana on February 25, 2020.

Mr. Lynch violated this condition of supervised release, by using and possessing, methamphetamine, an illegal controlled substance, in or about March 2020. On March 19, 2020, Mr. Lynch submitted a urine specimen to U.S. Probation personnel at the Arlington Probation Office, in Arlington, Texas, which tested positive for amphetamines and methamphetamines. On March 19, 2020, Mr. Lynch admitted verbally and in writing to USPO Long, that he consumed methamphetamine on March 17, 2020. On March 28, 2020, a confirmation report from Alere Toxicology was received confirming Mr. Lynch had consumed amphetamines and methamphetamine, and this sample was also dilute.

Mr. Lynch violated this condition of supervised release, by using and possessing, methamphetamine, an illegal controlled substance, in or about May 2020. On May 27, 2020, Mr. Lynch admitted verbally to USPO Long that he last consumed methamphetamine on May 26, 2020.

*3.        Special Condition*

**Violation of Special Condition**
The defendant shall participate in a program (inpatient and/or outpatient) approved by the United States Probation Office for treatment of narcotic, drug or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or other intoxicants during and after completion of treatment.

**Nature of Noncompliance**
Mr. Lynch violated this condition of supervised release by consuming alcohol, in or about December 2019. On December 20, 2019, Mr. Lynch submitted a urine specimen to a contract vendor, HBI, in Dallas, Texas, which tested positive for ethanol. On January 23, 2020, Mr. Lynch admitted verbally to consuming alcohol and stated he did not realize he was not supposed to be drinking. On January 28, 2020, a confirmation report from Alere Toxicology was received confirming Mr. Lynch had consumed alcohol.

Mr. Lynch violated this condition of supervised release by consuming alcohol, in or about March 2020. On March 19, 2020, Mr. Lynch admitted verbally and in writing to USPO Long to consuming alcohol on March 18, 2020.

Mr. Lynch violated this condition of supervision by consuming alcohol, in or about April 2020. On April 6, 2020, Mr. Lynch admitted verbally to USPO Long that he had consumed alcohol prior to his arrest on April 2, 2020.

Mr. Lynch violated this condition of supervised release by consuming alcohol, in or about May 2020. On May 27, 2020, Mr. Lynch admitted verbally to USPO Long that he had had been drinking alcohol on a daily basis and last drank alcohol on May 26, 2020.

Mr. Lynch violated this condition of supervised release by failing to report for a random drug test at HBI on May 21, 2020 and failing to report for a scheduled drug test at the Arlington Probation Office on May 26, 2020 and May 28, 2020.

4.    *Special Condition*

**Violation of Special Condition**
The defendant shall pay any remaining balance of restitution in the amount of $28,596, as set out in this Judgment.

**Nature of Noncompliance**
Mr. Danny Lynch violated this condition of supervised release by failing to make payments toward his court ordered restitution obligation. According to the schedule of payments from Mr. Lynch's judgment and commitment order, he was ordered to begin making $50.00 payments per month, 60 days after his release from imprisonment. Mr. Lynch was directed by USPO Long to begin making $50 per month restitution payments starting February 2020. To date, Mr. Lynch has paid $275 toward his $500 special fee assessment and $0 toward his $28,596 restitution obligation. The payments collected to date were during Mr. Lynch's period of incarceration.

5.    *Special Condition*

**Violation of Special Condition**
The defendant shall participate in mental health treatment services as directed by the U.S.

Probation Officer until successfully discharged. These services may include medications prescribed by a licensed physician.

**Nature of Noncompliance**
Mr. Lynch violated this condition of supervised release by failing to attend individual counseling sessions at a contract vendor, Centro de Mi Salud, LLC., in Dallas, Texas, on March 18, 2020, April 25, 2020, and May 16, 2020.

6.    *Special Condition No. 1*

**Violation of Standard Condition No. 1**
The defendant shall not leave the judicial district without the permission of the court or probation officer.

**Nature of Noncompliance**
Mr. Lynch violated this condition of supervised release by leaving the Northern District of Texas in or about May 2020, without permission. On May 22, 2020, Mr. Lynch verbally admitted to staying the night in Plano on the night of May 21, 2020. Mr. Lynch did not ask nor receive permission to leave the Northern District of Texas.

7.    *Special Condition No. 2*

**Violation of Standard Condition No. 2**
The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

**Nature of Noncompliance**
Mr. Lynch violated this condition of supervised release when he failed to report to the Arlington Probation Office on May 28, 2020 and speak with USPO Long about his recent relapse. On May 28, 2020, USPO Long observed Mr. Lynch in the hallway of the Arlington Probation Office however, Mr. Lynch never reported into the lobby of the Arlington Probation Office.

(*See* doc. 49.)

B.    **Addendum**

On June 1, 2020, the USPO submitted an Addendum to the Petition (Addendum) alleging the

following violations:

**Violation of Mandatory Condition**
The defendant shall not commit another federal, state, or local crime.

**Violation of Mandatory Condition**

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician.

**Nature of Noncompliance**

Mr. Danny Lynch violated these conditions of supervised release by being uncooperative and failing to follow hospital staff instructions, when he reported to a hospital highly intoxicated on methamphetamine and was arrested and charged with public intoxication. On May 29, 2020, Mr. Lynch was arrested and charged with Public Intoxication, in violation of Texas Penal Code § 49.02, a Class C Misdemeanor.

According to Bedford Police Department report number P2020-002343, on May 28, 2020 Officer Chad Wilkinson, Corporal Jason Richer, and Officer Mary Tarango were dispatched to Texas Health Hurst-Euless-Bedford (HEB) Hospital regarding a male disturbance, identified as Mr. Danny Lynch. Upon officers arriving at HEB hospital, hospital staff advised that Mr. Lynch was intoxicated on methamphetamine, and he was being uncooperative and not letting staff treat him. When Officer Wilkinson saw Mr. Lynch, he had just exited the restroom. Mr. Lynch was moving uncontrollably, opening his mouth, sticking his tongue out while folded, and would then close his mouth again. Mr. Lynch appeared to have had cotton mouth tongue, constricted pupils, and an injection point on his left arm. Based on the aforementioned information, Officer Wilkinson determined Mr. Lynch was intoxicated on a central nervous system stimulant. Officer Wilkinson asked Mr. Lynch if he wanted to stay at the hospital for treatment or sign himself out and Mr. Lynch agreed to stay for treatment. Officer Wilkinson informed the charge nurse, that Mr. Lynch has agreed to treatment and officers would leave him in the hospital, but to call if there was continued uncooperative behavior.

Approximately 30 minutes later, Officer Wilkinson and Officer Mark Aguirre were dispatched back to the HEB hospital as Mr. Lynch was refusing medical treatment. When Officer Wilkinson arrived, Mr. Lynch was in the hallway and would not go back into his room. The charge nurse at the hospital informed Officer Wilkerson hospital staff attempted to give Mr. Lynch an IV in his right arm but he ripped the IV out. Due to Mr. Lynch not following hospital staff instructions, interrupting other patient's care by being in the hallway, and refusing treatment from hospital staff, Mr. Lynch was determined to be an immediate danger to himself and others. Mr. Lynch was arrested and transported to Bedford jail, in Bedford, Texas. Mr. Lynch was issued Bedford citation number 0122477, for Public Intoxication, and this case remains pending with Bedford Municipal Court.

(doc. 51.)

**C.    Court Proceedings**

On May 29, 2020, the Court issued a warrant for Defendant's arrest based on the Petition.  (*See* doc. 50.)  He was arrested and made his initial appearance in this district on June 3, 2020.  (*See* doc. 54.)  A continuance of his detention and preliminary hearing under Fed. R. Civ. P. 32.1 was granted, and he was ordered detained temporarily.  (*See* docs. 57, 59.)  He appeared for his hearings on June 8, 2020, and was ordered released.  (*See* docs. 60, 61.)  On June 22, 2020, a *Report of Violation of Conditions of Pretrial Release* was filed, and a warrant was issued the next day for his arrest.  (*See* doc. 62, 63.)  He was arrested and made his initial appearance on the report on June 24, 2020, and after he waived his rights to preliminary and detention hearings, he was ordered detained pending a revocation hearing.  (*See* docs. 65, 66, 67, 68.)

**D.    Second Addendum**

After his detention, on June 26, 2020, the USPO submitted a second Addendum to the Petition (Second Addendum) alleging the following violation:

**Violation of Special Condition**
The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion or treatment.

**Nature of Noncompliance**
Mr. Danny Lynch violated this condition of supervised release when he was unsuccessfully discharged from inpatient treatment. On June 19, 2020, this officer spoke with Mr. Lynch and Salvation Army Counselor Mr. John Williamson and Counselor Mr. Vincent Spurling via telephone. At this time, Mr. Lynch was made aware that he was a suspect of using K2. Mr. Lynch denied using K2 at that time. Mr. Lynch was made aware that illegal drug use in the facility is grounds for immediate discharge and any noncompliance in this area will not be tolerated. On June 21, 2020, this officer received a noncompliance incident report from Salvation Army Counselor Vincent Spurling. The details of the incident report advised that on June 20, 2020, Mr. Lynch was found incoherent by what appeared to be the effects of K2, an

7

illegal controlled substance. Mr. Lynch was placed on "watch" for the remainder of the day to ensure the safety of him and other clients housed at the program. Mr. Lynch was instructed to report to the intake area of Salvation Army however, failed to follow these instructions and instead, went to his bunk for the remainder of the day. Mr. Lynch continues to disregard instructions and safety precautions by the Salvation Army staff and Salvation Army recommended immediate discharge from the program as of June 22, 2020. Mr. Lynch was unsuccessfully terminated as of June 23, 2020.

This information was previously disclosed to U.S. Magistrate Judge Rebecca Rutherford due to Mr. Lynch being released to Salvation Army inpatient treatment on June 10, 2020, pending his revocation hearing before Your Honor. Mr. Lynch was ordered detained at his detention hearing on June 24, 2020 for violating this condition of release.

(*See* doc. 69.)

## E.    **Revocation Hearing**

After consulting with counsel, Defendant consented to appear by video conference for a final revocation hearing on August 6, 2020. After his competence was established, Defendant testified under oath that he understood the violations alleged in the Petition, Addendum, and Second Addendum, and the range of punishment for those violations. He understood that he had the right to plead not true and have a hearing concerning whether he committed those violations. He understood that revocation is mandatory. Despite his understanding, Defendant knowingly and voluntarily consented to enter a plea of true to the violations alleged in the Petition, Addendum, and Second Addendum. He sought to be heard, however, on the issue of the appropriate sentence.

Counsel argued for a sentence at the low end of the guidelines, to be followed by an additional term of supervised release. Counsel explained that Defendant has had trouble adjusting to the outside because of the changes in the world while he was incarcerated for approximately 13 years. He lost his job because of the pandemic, resulting in the loss of his apartment and car, and he has no family support. He recognized that he has spiraled and wants help. Defendant acknowledged his violations and indicated his openness to treatment, although he noted that the facility at which he was last treated

was "encrusted with drugs and K2." The government generally argued for a guideline sentence.

At the conclusion of the hearing, it was orally recommended that the plea of true be accepted by the district judge, that Defendant's term of supervised release be revoked, and that he be sentenced to an additional term of imprisonment of 12 months, with an additional 24-month term of supervised release subject to the same mandatory, standard and special conditions imposed in the original judgment as well as additional conditions, all of which were read aloud to him. Defendant was advised that (1) a formal written recommendation would issue; (2) he would have 14 days to object to the recommendation; (3) he had a right to appear and speak, and to have his counsel appear and speak, before the district judge prior to sentence being imposed; and (4) that he could waive these rights.

## II. ANALYSIS

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>         ***
>     (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
                    ***
(4) the kinds of sentence and the sentencing range established for--
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
                (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
                (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
        (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement--
        (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
        (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).[1]  Revocation of a term of supervised release is mandatory if the

defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing,

or tests positive for illegal controlled substances more than three times over the course of one year.

_____

[1]The Fifth Circuit Court of Appeals has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011).  Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *United States v. Tapia*, 131 S.Ct. 2382 (2011).

18 U.S.C. § 3583(g).

Based on his knowing and voluntary plea of true, the Court finds that Defendant has violated the mandatory conditions, special conditions, and standard conditions Nos. 1, 2, and 7, alleged in the Petition, the Addendum, and the Second Addendum. Because he violated his conditions of supervised release by refusing to comply with drug testing, and testing positive for illegal controlled substances more than three times over the course of one year, revocation of his supervised release is mandatory.

As set out in the Petition, Addendum and Second Addendum, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is 2 years. (*See* docs. 69 at 2, citing 18 U.S.C. § 3583(e)(3).) Based upon a violation grade of C and a criminal history category of VI, the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a), p.s., is 8 to 14 months. (*Id.*) Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by state for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. (*Id.*, citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009).) Defendant is subject to a maximum term of supervised release of up to three years, minus any revocation sentence. (*Id.*)

After considering the relevant factors identified in § 3583(e) that are set forth in § 3553(a), and not considering any factor that it is precluded from considering under Supreme Court or Fifth Circuit authority, the Court finds that a custody sentence of 12 months, with an additional term of supervised release to follow, is sufficient but not greater than necessary to accomplish the relevant sentencing objectives. Although he argued for a sentence at the low end of the guidelines, this sentence is not warranted under the facts of this case. According to the Petition, Addendum, and Second Addendum,

Defendant began using illegal substances shortly after beginning his term of supervise release, and he was arrested twice during a short time frame due to his uncontrolled addictions. He was granted an opportunity to participate in inpatient treatment to address his substance abuse but was found to be using illicit substances during his time there. Defendant has not been able to succeed on supervised release despite a fair opportunity to do so, and a custody sentence above the middle of the guideline range will assist in serving as a deterrer to further drug use and illegal activity in the community. An additional term of supervised release will afford him an opportunity to address his addiction, obtain substance abuse and mental health treatment, and pay his outstanding restitution, and the supervision of a probation officer can help provide him a greater chance at successful reintegration as well as access to available resources to assist him.

### III.  RECOMMENDATION

Defendant's plea of true should be accepted, and he should be found to have violated the conditions of his supervised release as alleged in the Petition, Addendum, and Second Addendum. His term of supervised release should be **REVOKED**, and he should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWELVE (12) MONTHS**, with an additional term of supervised release of **24 MONTHS** to follow, subject to the same conditions imposed in the original judgment, a copy of which is attached, as well as the following conditions:

**<u>Mandatory Conditions</u>:**

1.    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2.    The defendant shall not commit another federal, state, or local crime.

3.    The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic

drug tests thereafter as determined by the Court.

4.      The defendant shall also comply with the standard conditions recommended by the U.S. Sentencing Commission and shall comply with the following additional conditions:

**Recommended Additional Conditions**:

1.      The defendant shall pay any remaining balance of restitution in the amount of $28,596.00, as set out in the judgment.

2.      The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $20 per month.

3.      The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $20 per month.

**SO RECOMMENDED on this 6th day of August, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14